**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ERICKA INGRAM, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | |
| | ) | |
| CRAWFORD BROADCASTING, | ) | |
| DONTRON, INC., and JONATHAN | ) | |
| DEWBERRY, | ) | |
| Defendants. | ) | **JURY DEMANDED** |

## CIVIL COMPLAINT

NOW COMES the Plaintiff, ERICKA INGRAM, by and through her attorneys, Brendan

Shiller and the Shiller Preyar Law Offices, and complains as follows against Defendants

Crawford Broadcasting, Dontron, Inc., and Jonathan Dewberry:

## INTRODUCTION

1. This action seeks redress for the violation of rights guaranteed to Plaintiff by 42 U.S.C.

   §1981 to redress the deprivation under the color of statute, ordinance, regulations, custom

   or usage of rights secured to Plaintiff by the Fourteenth Amendment to the Constitution

   of the United States, namely the right to be free from racial discrimination in her public

   place of employment. Plaintiff also brings this action against DEFENDANT

   CRAWFORD BROADCASTING, DONTRON, and JONATHAN DEWBERRY, for

   employment discrimination pursuant to Title VII 42 U.S.C.§§2000(e) et seq.

## JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28

   U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C.

   § 1981. This court has jurisdiction over the Title VII claim pursuant to 28 U.S.C. §1331,

28 U.S.C. §1343 (a)(3), and 42 U.S.C. §2000e-5(f)(3); and over the pendent state law claims for negligent supervision and intentional infliction of emotional distress under 28 U.S.C. §1367.

3. On or about March 19, 2018 Plaintiff timely filed a Charge of Discrimination with the EEOC.

4. On July 31, 2018, the EEOC mailed a Notice of Right to Sue on Plaintiff's charge.

## VENUE

5. Venue is proper under 28 U.S.C §1391(b)(2).

## PARTIES

6. Plaintiff ERICKA INGRAM is a 46-year-old, female, African-American citizen of the United States who resides in Illinois.

7. Defendant JONATHAN DEWBERRY is a citizen of the United States and resident of Illinois, who, at all relevant times, was program director for WSRB radio station.

8. Defendant CRAWFORD BROADCASTING COMPANY is a corporate entity registered in the State of Indiana. Its principal place of business is in Aurora, Colorado.

9.  DONTRON, INC., is a subsidiary of CRAWFORD BROADCASTING COMPANY, and owns WSRB 106.3. DONTRON INC. is a corporate entity registered in the State of Indiana.

## COMMON ALLEGATIONS

10. Plaintiff is a 46-year-old, African-American female who works professionally under the name "DJ Sundance."

11. Defendant Crawford Broadcasting Company owns radio stations across the United States.

12. In Hammond, Indiana, Crawford owns a radio station broadcasting as WSRB, 106.3.

13. At all relevant times, Plaintiff worked at WSRB in Hammond, Indiana, as a radio personality.

14. Plaintiff was hired a radio personality by Defendant in approximately April 2011.

15. Prior to working for Crawford, Plaintiff had a lengthy, successful career as a DJ in the Chicagoland area.

16. At Crawford, Plaintiff's job duties included hosting radio shows and attending promotional events on behalf of Defendant.

17. At all relevant times, Plaintiff performed to the standards of her employer.

18. At all relevant times, Jonathan Dewberry was the program director at WSRB.

19. At all relevant times, Pat Edwards was the entertainment director at WSRB.

20. On January 11, 2018, Plaintiff came to her studio for her usual on-air radio shift, but Edwards and Dewberry would not allow Plaintiff to leave her studio for several hours.

21. While he was arguing with and yelling at Plaintiff in her studio on January 11, Dewberry called Plaintiff "bitter," "old," and washed up.

22. At one point, Edwards physically grabbed Plaintiff and would not let her go.

23. Dewberry intervened and pulled Edwards' hands off Plaintiff.

24. Before Plaintiff was allowed to leave the studio, Dewberry asked Plaintiff for a hug. Plaintiff refused.

25. On or about January 12, 2018, Dewberry told Plaintiff that she was "taken off the schedule" and sent home from work for a week as a result of her complaints regarding the incident on January 11, 2018.

26. Thereafter, Plaintiff sent an electronic complaint to six managers at the radio station regarding the January 11, 2018 incident.

27. No one responded.

28. On January 16, 2018, Plaintiff sent another electronic complaint to six managers at the radio station and a person who worked out of the Colorado office of Crawford Broadcasting regarding the January 11, 2018 incident.

29. On January 24, 2018, Plaintiff filed a formal complaint against Dewberry and Pat Edwards to Defendant Crawford's CEO, Donald Crawford.

30. On February 1, 2018, Crawford responded to Plaintiff and summarily dismissed all of her complaints as meritless. No action was taken against Dewberry or Edwards.

31. Defendants told Plaintiff not to attend a Martin Luther King, Jr. Day event.

32. Even after Plaintiff filed a formal complaint, the harassment and discrimination did not end.

33. As an example, Defendants did not book Plaintiff on promotional events and instead booked a younger, light-skinned African-American DJ.

34. Defendants told Plaintiff on several occasions during her employment that light-skinned radio personalities could bring in more money for the company.

35. During her employment at Crawford, Plaintiff was also denied pay increases due to her race, skin color, and gender.

36. On April 4, 2018, Plaintiff resigned from her position because of the hostile work environment and discriminatory treatment.

37.  As a result of Defendants' unlawful actions, Plaintiff suffered loss of compensation and other benefits and emotional distress.

## COUNT I
## 42 U.S.C § 1981 -- RACE DISCRIMINATION (as to all Defendants)

38. Plaintiff re-alleges and incorporates all previous paragraphs.

39. DEFENDANTS subjected Plaintiff to a hostile work environment based on her race, African-American, through severe and/or pervasive actions, thereby negatively altering the conditions of her employment and creating an abusive working environment.

40. Defendant failed to take any appropriate action to redress the discriminatory work conditions imposed on Plaintiff.

41. Defendants subjected Plaintiff to adverse actions based on her race, including but not limited to constructive termination and subjecting her to a hostile environment.

42. The aforementioned acts and omissions of Defendants constituted intentional discrimination against Plaintiff on the basis of her race, African-American, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of her employment relationship in violation of 42 U.S.C. § 1981.

43. As a direct and proximate result of Defendants' actions, Plaintiff has suffered emotional distress, lost wages and benefits, and other consequential damages.

## COUNT II
## RACE, COLOR AND SEX  DISCRIMINATION -- TITLE VII

44. Plaintiff re-alleges and incorporates all previous paragraphs.

45. DEFENDANTS subjected Plaintiff to a hostile work environment based on her race, African-American, color, and gender, through severe and/or pervasive actions, thereby negatively altering the conditions of her employment and creating an abusive working environment.

46. Defendant failed to take any appropriate action to redress the discriminatory work conditions imposed on Plaintiff.

47. Defendants subjected Plaintiff to adverse actions based on her race, color, and gender, including but not limited to constructive termination, subjecting her to a hostile environment, and failing to give assignments based on Plaintiff's race and color.

48. The aforementioned acts or omissions of Defendants constitutes unlawful discrimination against Plaintiff because of her race, color, and gender, in violation of the provisions of Title VII of the civil Rights Act of 1964, as amended, 42 U.S.C.§§2000e et seq.

49. As a direct and proximate result of the above-alleged willful and reckless acts or omissions of Defendants, Plaintiff suffered damages, including but not limited to lost and foregone wages and benefits and physical and emotional harm.

**COUNT III**
**RETALIATION -- TITLE VII**

50. Plaintiff re-alleges and incorporates all previous paragraphs.

51. Throughout Plaintiff's tenure with Defendants, Plaintiff exercised her statutorily protected rights by engaging in a protected activity by making oral and written reports complaining of illegal race, color, and sex discrimination to the Defendants and their agents and employees.

52. As a result of Plaintiff's reporting to the Defendants and their agents and employees, Plaintiff was constructively terminated.

53. The aforementioned acts and omissions of Defendants  constitute unlawful retaliation for Plaintiff's opposition to discrimination, harassment, and depriving Plaintiff of the enjoyment of all benefits, privileges, terms, and conditions of her employment relationship in violation of the provisions of Title VII of the Civil Rights Act of 1964,as amended, 42 U.S.C. §§ 2000e et seq.41.

6

54. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendants, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and emotional harm.

## COUNT IV
## RETALIATION – SECTION 1981 (as to all Defendants)

55. Plaintiff re-alleges and incorporates all previous paragraphs.

56. Plaintiff exercised her statutorily protected rights by engaging in a protected activity by making oral and written complaints of illegal race discrimination to the Defendants and their agents and employees.

57. As a result of Plaintiff's reporting to the Defendants and their agents and employees, Plaintiff suffered adverse employment actions.

58. The aforementioned acts and omissions of Defendants constitute unlawful retaliation for Plaintiff's opposition to racial discrimination, harassment, and depriving Plaintiff of the enjoyment of all benefits, privileges, terms, and conditions of her employment relationship in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.41.

59. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendants, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

## COUNT V
## AGE DISCRIMINATION IN EMPLOYMENT

60. Plaintiff re-alleges and incorporates all previous paragraphs.

61. Plaintiff was over 40 years of age at all relevant times.

62. Plaintiff was performing her job duties to legitimate employment expectations.

7

63. Plaintiff suffered adverse employment actions.

64. Substantially younger employees were treated more favorably than Plaintiff.

65. As a result of Defendants' age discrimination, Plaintiff suffered damages.

<u>COUNT VI</u>
<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (as to all Defendants)</u>

66. Plaintiff re-alleges and incorporates all previous paragraphs.

67. Defendants engaged in extreme and outrageous conduct in subjecting Plaintiff to a hostile work environment and constructively terminating her.

68. Defendants intended to cause Plaintiff severe emotional distress or knew that there was a high probability that Plaintiff would suffer such distress when they subjected Plaintiff to said abuse.

69. Defendants exercised a substantial degree of control over Plaintiff's terms and conditions of employment and abused their authority over Plaintiff when they subjected Plaintiff to said abuse.

70. Plaintiff has suffered and continues to suffer severe emotional distress as a direct and proximate result of Defendants' extreme and outrageous conduct.

71. Plaintiff continues to suffer the severe emotional and psychological trauma inflicted upon her by Defendants and continues to struggle with the effects of Defendants' extreme and outrageous conduct.

72. The aforementioned acts and omissions of Defendant constitute intentional infliction of emotional distress, in violation of the laws of the State of Indiana.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ERICKA INGRAM, prays for judgment against Defendants and respectively requests that this Court:

    A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

    B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

    C. Order Defendant to make whole ERICKA INGRAM by providing affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

    D. Grant Plaintiff actual, consequential, compensatory, and any other damages that the Court may deem appropriate against Defendant;

    E. Order Defendant to pay lost, foregone, and future wages to ERICKA INGRAM;

    F. Order Defendant to pay punitive damages;

    G. Grant Plaintiff her reasonable attorney's fees, costs, disbursements; and

    H. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

ERICKA INGRAM
By: One of Her Attorneys:

s/ Brendan Shiller
Brendan Shiller
Shiller Preyar Law Offices
601 S. California Ave.
Chicago, IL 60612
(312) 226-4590

9