UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ERICKA INGRAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:18-cv-409 |
| | ) |
| CRAWFORD BROADCASTING, | ) |
| DONTRON, INC., JONATHAN | ) |
| DEWBERRY, and PAT EDWARDS, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the court on a referral for a Report and Recommendation on the Motion to Dismiss [DE 52] filed by the defendants, Crawford Broadcasting, Dontron, Inc., Jonathan Dewberry, and Pat Edwards, on February 17, 2020. For the following reasons, the court **RECOMMENDS** that the Motion to Dismiss [DE 52] be **GRANTED** and this case be **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

*Background*

The plaintiff, Ericka Ingram, through counsel, filed this employment discrimination suit against the defendants, Crawford Broadcasting, Dontron, Inc., Pat Edwards, and Jonathan Dewberry, on October 30, 2018. In May and June of 2019, the plaintiff's attorneys moved to withdraw as counsel and were granted leave to do so. During a hearing in August of 2019, the plaintiff requested appointed counsel. The court gave the plaintiff until September 6, 2019, to file a motion for appointment of counsel. The plaintiff requested an extension, and the court gave her until October 10, 2019 either to obtain counsel or, if unable to retain counsel, formally file a request for appointment of counsel. During this period, discovery was stayed. The

plaintiff did not file a motion for appointment of counsel, and the discovery stay was lifted on October 18, 2019. Discovery closed on February 3, 2020.

The defendants have filed the instant motion requesting the court to dismiss this case for plaintiff's failure to prosecute or, in the alternative, as a discovery sanction. On April 9, 2020, the court ordered the plaintiff to file a response by April 23, 2020, demonstrating why this case should not be dismissed. The plaintiff was warned that a failure to respond would result in dismissal. The plaintiff has not filed a response.

On May 8, 2020, Senior Judge James T. Moody referred the instant motion to the undersigned for a Report and Recommendation. The undersigned set this matter for a hearing on the motion to dismiss on July 17, 2020. The plaintiff was warned that a failure to appear at the hearing would result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b). The plaintiff failed to appear. This motion is ripe for ruling.

*Discussion*

**Federal Rule of Civil Procedure 41(b)** states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." *See* **Salata v. Weyerhaeuser Co.**, 757 F.3d 695, 699 (7th Cir. 2014) (citing Federal Rule of Civil Procedure 41(b)). "The court should exercise this right sparingly and should dismiss a case under Rule 41 only 'when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing.'" *Salata*, 757 F.3d at 699 (quoting **Webber v. Eye Corp.**, 721 F.2d 1067, 1069 (7th Cir. 1983)). The district court cannot dismiss a suit following the first transgression without exploring other options or explaining why they would not be fruitful. **Sroga v. Huberman**, 722 F.3d 980, 982 (7th Cir. 2013). The court must provide more than a standalone warning that the case may be dismissed for failure to

prosecute. *Sroga*, 722 F.3d at 982. The court must consider the frequency and egregiousness of the plaintiff's failure to comply, the delay to the court's calendar, and the prejudice to the defendants. *Sroga*, 722 F.3d at 982. "Generally a single missed deadline or status hearing does not support dismissal for want of prosecution." *Sroga*, 722 F.3d at 983.

At the status conference on August 7, 2019, the court ordered the plaintiff to file a motion for appointment of counsel by September 6, 2019. The plaintiff requested an extension of that deadline on September 9, 2019. The court granted the plaintiff's request for an extension and allowed the plaintiff until October 10, 2019, to file the appropriate motion. The plaintiff did not file anything by the October deadline. In fact, the plaintiff has not taken any action in this case since filing her request for an extension on September 9, 2019.

The defendants filed the instant motion requesting this matter be dismissed pursuant to Federal Rule of Civil Procedure 41(b) or, in the alternative, Federal Rule of Civil Procedure 37(b)(2)(A)(v) on February 17, 2020. The plaintiff did not file a response to the motion. The court ordered her to respond and warned that a failure to respond would result in dismissal. Furthermore, the undersigned set this matter for hearing on July 17, 2020. The plaintiff again was warned that a failure to appear in person for the hearing would result in dismissal of this action pursuant to Rule 41(b). She failed to appear at the hearing.

Since the court granted the plaintiff's request for an extension on September 9, 2019, she has failed to comply with multiple court orders, failed to appear for an in-person motion hearing, and has not otherwise contacted the court. "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels likes pressing its actions and when it feels like taking a break." *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (quoting *GCIU Employer Ret. Fund. v. Chi. Tribune Co.*, 8 F.3d 1195,

3

1198–99 (7th Cir. 1993)).  The court has warned the plaintiff of the consequences of her failure to comply with the court's orders.  Accordingly, the court finds that dismissal under Rule 41(b) is appropriate.

Based on the foregoing reasons, the court **RECOMMENDS** that the Motion to Dismiss [DE 52] be **GRANTED** and this case be **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

Pursuant to 28 U.S.C. §636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  *Willis v. Caterpillar, Incorporated*, 199 F.3d 902, 904 (7th Cir. 1999); *Johnson v. Zema Systems Corporation*, 170 F.3d 734, 739 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corporation*, 882 F.2d 258, 260-61 (7th Cir. 1989); *United States v. Johnson*, 859 F.2d 1289, 1294 (7th Cir. 1988); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

ENTERED this 23rd day of July, 2020.

/s/ Andrew P. Rodovich
United States Magistrate Judge